FILED
2015 Oct-02 PM 03:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **BRIAN MCCLELLAND**  ) | |
| ) | |
| **Plaintiff,**  ) | |
| ) | **CIVIL ACTION NO.:** |
| **V.**  ) | |
| ) | **7:15-cv-00537** |
| **JIM WALTER RESOURCES, INC.,**  ) | |
| ) | |
| **Defendant.**  ) | |

## PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

COMES NOW, Plaintiff Brian McClelland, by and through his attorney of record, and responds as follows to the Court's Order to show cause:

1. The Plaintiff filed a complaint against Defendant Jim Walter Resources on March 31, 2015.

2. On or about July 15, 2015, the Defendant filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. On or about July 20, 2015, the Court, having received notice of the bankruptcy, stayed this case for 60 days.

3. On or about September 25, 2015, this Court, having received no notice that the Bankruptcy Court had granted the Plaintiff relief from stay, issued an Order requiring the Plaintiff to show cause within ten (10) days as to why this case should not be dismissed without prejudice.

4.      The Plaintiff concedes that this case cannot currently proceed in this forum due to the bankruptcy but suggests that it is not certain that this will always be the case.  As such, the Plaintiff would request that the case not be dismissed, even without prejudice.

5.      However, if the Court is inclined to dismiss this case, even without prejudice, the Plaintiff requests that the Court toll the applicable statutes of limitations regarding the Plaintiff's claims in the instant litigation in the event that it becomes necessary for the Plaintiff to again bring his claims before this Court, due to any unforeseen future event relating to the Defendant's bankruptcy or otherwise.

6.      As the bankruptcy process is anticipated to take an extended amount of time, failure to toll the statute of limitations may prevent the Plaintiff from being able to bring his claims at all, which would clearly prejudice the Plaintiff greatly.  However, such tolling would not prejudice the Defendant in any way, as it would not diminish or negate any claims or defenses that may be brought at any time, including any defense related to the consummation of the bankruptcy and any relief that would provide to the Defendant.

WHEREFORE, Plaintiff Brian McClelland respectfully requests that the case not be dismissed, but, should the Court dismiss this case, that the Court then toll the applicable statute of limitations regarding all claims brought in this case to avoid potential prejudice against the Plaintiff.

/s/ David A. Hughes
David A. Hughes (ASB 3923-U82D)
HARDIN & HUGHES, LLP
2121 14th Street
Tuscaloosa, Alabama 35401
Telephone: (205) 523-0463
Fax: (205) 344-6188
E-mail: dhughes@hardinhughes.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**John B. Holmes III and Tiffany P. Rainbolt**
MAYNARD, COOPER & GALE, P.C.
1901 6th Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203
E-mail: jholmes@maynardcooper.com
E-mail: trainbolt@maynardcooper.com

/s/ David A. Hughes
OF COUNSEL